IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT LEE BROWN,                          §
TDCJ #877851,                              §
        Petitioner,                       §
                                          §
v.                                         §        CIVIL ACTION NO. H-07-2788
                                          §
NATHANIEL QUARTERMAN, Director,            §
Texas Department of Criminal Justice -     §
Correctional Institutions Division,        §
        Respondent.                       §

## MEMORANDUM AND ORDER

Petitioner Robert Lee Brown (TDCJ #877851) is an inmate incarcerated in the Texas

Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").

He has filed a petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from a

prison disciplinary conviction.  He has also filed a memorandum and exhibits in support of

his petition.  After reviewing the pleadings under Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts, however, the Court concludes that this case

must be **dismissed** for reasons set forth below.

## I.     BACKGROUND

Brown is presently incarcerated as the result of a judgment entered against him on

June 9, 1999, in the 208th District Court of Harris County, Texas, in cause number 779196.

Brown was convicted in that case of aggravated sexual assault.  As a result, Brown received

a fifteen-year prison sentence. He did not pursue an appeal.

Brown does not challenge his underlying conviction here.  Instead, he challenges the result of a prison disciplinary proceeding at the Darrington Unit in Rosharon, Texas, where he currently resides.[1]  According to the petition and supporting memorandum, Brown was found guilty on November 27, 2006, in disciplinary case #20070082573, of violating prison rules by "threatening to inflict harm on an officer."  As a result of the disciplinary conviction, Brown was reduced in custodial classification and time-earning status.  Brown's commissary and recreational privileges were curtailed for forty-five days.  Brown also forfeited 730 days of previously earned good conduct time ("good-time") credit.  Brown filed a step 1 and step 2 grievance to challenge the disciplinary conviction, but his appeal was unsuccessful.

Brown contends that he is entitled to federal habeas corpus relief because he was denied due process at his disciplinary proceeding.  Notwithstanding the arguments made in the pleadings, Brown is not entitled to relief as a matter of law for reasons discussed briefly below.

## II.    PRISON DISCIPLINARY PROCEEDINGS

The petitioner in this case seeks a federal writ of habeas corpus to challenge a disciplinary conviction entered against him while in prison.  The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

---

[1]      Because the petitioner was convicted of his underlying offense within this district, this Court has jurisdiction over his petition.  *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

§§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Therefore, the petitioner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for

constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). The petitioner's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause in this instance.

### A.      Reduced Status and Loss of Privileges

As a result of his disciplinary conviction, Brown's custodial classification and time-earning status was reduced. Brown also lost his commissary and recreational privileges for forty-five days. These sanctions do not implicate a liberty interest of the sort protected by the Due Process Clause.

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the

ordinary incidents of prison life.  *See id*.  The Fifth Circuit has also decided that reductions

in a prisoner's class status and the potential impact on good-time credit earning ability are

not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71

F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).  Because a protected

liberty interest is not implicated by these sanctions, Brown cannot show that he is entitled

to habeas corpus relief from these forms of punishment.

### B.    Claims Concerning Lost Good-Time Credits

As a result of Brown's disciplinary conviction, prison officials also revoked 730 days

of previously earned good-time credit.  A challenge to the loss of good-time credits generally

requires a separate analysis.  *See Madison*, 104 F.3d at 768.  Brown concedes in his petition,

however, that he is not eligible for early release on mandatory supervision.  (Doc. # 1,

*Petition*, ¶ 16).  This is fatal to his due process claims.  *See Malchi v. Thaler*, 211 F.3d 957-

58 (explaining that only those Texas inmates who are eligible for early release on mandatory

supervision have a protected liberty interest in their previously earned good-time credit).

Because Brown is not eligible for mandatory supervision, any good-time credits he

has earned apply only toward his eligibility for parole.[2]  It is well established that there is no

protected liberty interest in obtaining parole in Texas.  *See Madison*, 104 F.3d at 768-69;

*Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995);  *Gilbertson v. Texas Bd. of Pardons and*

---

[2]      Texas law provides that good-time credits apply only to eligibility for release on parole or
mandatory supervision and do not affect the length of an inmate's sentence.  *See* TEX. GOV'T
CODE ANN. § 498.003;  *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App.
1995).

*Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).   In other words, because Brown has no constitutional right to parole, and he is not eligible for release on mandatory supervision, his good-time credit sanction does not affect the length or duration of his confinement and does not implicate a liberty interest of the sort protected by the Due Process Clause.  *See Madison*, 104 F.3d at 768-69.  Accordingly, Brown cannot demonstrate a violation of the Due Process Clause in connection with this sanction.  *See id.*;  *see also Sandin*, 515 U.S. at 487.

        In summary, because the sanctions assessed against Brown do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law.  Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.  *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  It follows that Brown is not entitled to habeas corpus relief.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, (the "AEDPA), codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** the following:

1.      The petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 3) is **GRANTED**.

2.      The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on September 5, 2007.

_____

Nancy F. Atlas
United States District Judge

8